CONDE, APPELLEE, *v.* COX, APPELLANT.

(No. 6767—Decided February 6, 1962.)

*Messrs. Mayer & Leshy* and *Mr. John H. Lewis*, for appellee.

*Messrs. Sebastian, Fais & Durst*, for appellant.

DUFFY, J. A verdict was rendered in the Common Pleas Court of Franklin County, Ohio, in favor of the plaintiff, appellee herein, and the defendant, appellant herein, has appealed the judgment rendered on the verdict. He believes the trial court erred in permitting evidence of medical expenses to be received in evidence and in submitting medical expenses to the jury as an item of damages, because the plaintiff was a married woman. The defendant cites in support of his contention the cases of *Hudock* v. *Youngstown Municipal Ry. Co.*, 164 Ohio St., 493, and *Tille* v. *Finley*, 126 Ohio St., 578.

We do not feel that the above Supreme Court cases preclude the admission of the evidence offered in this case because it was shown that the plaintiff did agree to pay these bills, and this was shown not only by her testimony but the exhibit from the hospital had the notation "Will pay 6/5/58," fol-

lowed by her signature, and all the bills placed in evidence were sent to her and the testimony of the attending physician indicated that he was initially looking to her for payment.

The defendant also assigns as error the instruction of the trial judge given to the jury that "* * * the defendant's negligence was the proximate cause of some injuries to the plaintiff," and the submission to the jury of only one form of verdict, namely, a plaintiff's verdict.

While the defendant's answer did not admit negligence on his part, or liability or the injuries alleged, the evidence offered by him does not refute the evidence of negligence and injury to the plaintiff submitted by the plaintiff.

We conclude, from a reading of the transcript of testimony offered in evidence, that the trial judge did not commit prejudicial error in submitting a form of verdict which called for a judgment for the plaintiff, and the trial court properly left to the jury the amount of the damages received by the plaintiff from this accident.

The defense of the defendant was limited entirely to a showing that the plaintiff had no permanent disability as a result of the accident, but did not in any way defend against the plaintiff's claim of negligence and temporary disability resulting from the accident of May 26, 1958. A verdict for the defendant could not have been founded on such evidence.

We are of the opinion that the assignments of error must be overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and BRYANT, J., concur.